UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 21-CR-173 (RA) |
| DEREK ORTIZ SOCIAS, | ORDER |
| Defendants. | |

RONNIE ABRAMS, United States District Judge:

On August 14, 2024, the Government filed a letter seeking for the Court to (1) accept the guilty plea of Defendant Derek Ortiz Socias based on the plea hearing conducted by the Honorable Lewis J. Liman on November 15, 2021 and (2) schedule sentencing. It indicated that it expects to take the position at sentencing that Mr. Ortiz Socias has failed to satisfy the "safety-valve" requirements of 18 U.S.C. § 3553(f) because he was "not candid during his safety-valve proffer" and is thus subject to the mandatory minimum provision of 21 U.S.C. § 841(b)(1)(A). In response, Mr. Ortiz Socias "categorically denies that he has engaged in any drug trafficking or acts of violence while on pretrial supervision and enrolled in the Young Adult Mr. Program." Accordingly, the Court will hold a *Fatico* hearing to resolve the disputed factual issues concerning Mr. Ortiz Socias' "safety-valve" eligibility on November 13, 2024 at 11:00 a.m. Then, on November 15, 2024 at 2:30 p.m., the Court intends to accept Mr. Ortiz Socias' plea and proceed to sentencing. Mr. Ortiz Socias' sentencing submission shall be due two weeks prior to sentencing, and the Government's submission shall be due one week prior to sentencing. If either party seeks to file a supplemental submission following the *Fatico* hearing, it shall do so no later than 12:00 p.m. on November 14, 2024.

In his August 19, 2024 letter, Mr. Ortiz Socias argues that, in light of *Alleyne v. United States*, 570 U.S. 99, 103, 113 n.2 (2013), the Government must prove beyond a reasonable doubt "all of the items listed in 18 U.S.C. § 3553(f), including a defendant's truthful disclosure of his own crimes," because they "are facts that alter the legally-prescribed range of penalties to which he is exposed for his offense." The available case

law, however, appears to support the Government's position that a defendant bears the burden to establish his "safety-valve" eligibility, even after the Supreme Court's decision in *Alleyne*. *See, e.g.*, *United States v. Jacques*, 555 F. App'x 41, 50 (2d Cir. 2014); *United States v. Caballero*, 93 F. Supp. 3d 209, 220–23 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 72 (2d Cir. 2016). To the extent that the defense finds legal support for its position, it may submit any supplemental briefing on the issue.

SO ORDERED.

Dated:   August 20, 2024
         New York, New York

Ronnie Abrams
United States District Judge