UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DEREK ORTIZ SOCIAS,<br><br>                    Defendant. | No. 21-cr-173(RA)<br><br>MEMORANDUM<br>OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

Before the Court is Defendant Derek Ortiz Socias' motion to cancel the *Fatico* hearing scheduled for November 13, 2024. Doc. No. 154 ("Mot."). The Government opposes the motion. Doc. No. 156 ("Opp."). For the reasons that follow, the motion is denied.

## BACKGROUND

In March 2021, Ortiz Socias was indicted, along with his father and another co-conspirator, on one count of conspiracy to traffic methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Doc. No. 17. Later that year, he participated in a safety-valve proffer with the Government, in which he stated that his role in the trafficking conspiracy was limited, had never involved firearms, and had ceased after February 2021. Based on that proffer, the Government provided a *Pimentel* letter indicating that Ortiz Socias appeared to be safety-valve eligible and that his Guidelines range would be 70 to 87 months' imprisonment.

Ortiz Socias pleaded guilty to the sole count of the indictment on November 15, 2021. A month later, he was accepted into the Young Adult Opportunity Program ("YAOP") administered by this Court. While the Government did not oppose his participation, it maintained that it was unlikely to dismiss the charge even if Ortiz Socias graduated from YAOP. Ortiz Socias nevertheless enrolled in the program in January 2022 and successfully completed it in March 2023.

During that period, Ortiz Socias lived in Puerto Rico and participated in the program on a remote basis. Although he again asked the Government to dismiss his charge following his graduation, it declined to do so.

Then, on August 14, 2024, the Government submitted a letter stating that Ortiz Socias had lied during his safety-valve proffer and was no longer safety-valve eligible under 18 U.S.C. § 3553(f). According to the Government, it has information that Ortiz Socias continued to traffic drugs in Puerto Rico while he was in YAOP, supervised others in furtherance of that trafficking, and was even involved in several shootings as part of a drug turf war. The Government also took the position that, as the defendant, Ortiz Socias bears the burden of proving that he was safety-valve eligible.

In response, Ortiz Socias "categorically denie[d] that he ha[d] engaged in any drug trafficking or acts of violence." He also disputed the Government's position as to burden, arguing that the Supreme Court's 2013 decision in *Alleyne v. United States*, 570 U.S. 99, 103 (2013) flipped the burden to the Government.

Given the sharp factual dispute over Ortiz Socias' candor and whether he had engaged in certain activity, the Court scheduled a *Fatico* hearing for November 13, 2024. Although it reserved decision on the issue, the Court noted that the case law appears to support the Government's position that a defendant bears the burden of demonstrating safety-valve eligibility.

Teeing up the instant dispute, Ortiz Socias then filed a letter on October 18, 2024 asking the Court to cancel the upcoming *Fatico* hearing and to rule on the current record that he was eligible for safety-valve relief. *See* Mot. at 1. He argues that the record at present demonstrates that he had met with the Government and truthfully answered its questions, and that the Government planned to offer only uncorroborated, unreliable hearsay suggesting otherwise.

2

Because that evidence would be entitled to no weight in his view, Ortiz Socias asserts that a *Fatico* hearing is unnecessary. He also argues that the Court need not resolve the underlying legal question as to which party bears the burden, since he would prevail on the current record either way. In the alternative, Ortiz Socias urges the Court to either hold that the Government bears the burden of disproving eligibility, or that the burden shifts to the Government to disprove eligibility once a defendant makes a facial showing that he is eligible.

The Government contests each of those points, arguing that defendants always bear the ultimate burden of proving eligibility, that its proffer would be sufficient to defeat Ortiz Socias' bid for the safety valve, and that the proper way to resolve the dispute is to proceed with the *Fatico* hearing. *See* Opp. at 1.

## LEGAL STANDARD

District courts must resolve material factual disputes before sentencing a defendant. *See United States v. Berndt*, 127 F.3d 251, 257 (2d Cir. 1997). One way to resolve such disputes is by holding an evidentiary hearing. *See United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978). District courts have discretion to hold—or forgo—a *Fatico* hearing depending on the circumstances. *See United States v. Ghailani*, 733 F.3d 29, 54 (2d Cir. 2013). For instance, when a factual dispute turns on the credibility of a witness, *Fatico* hearings are particularly appropriate. *See United States v. Duverge Perez*, 295 F.3d 249, 254 (2d Cir. 2002). On the other hand, if the factual dispute would not impact the defendant's sentence, a *Fatico* hearing is unnecessary. *See Ghailani*, 733 F.3d at 54.

The "safety valve" provision of 18 U.S.C. § 3553(f) exempts certain defendants from the mandatory minimum sentences they face. *See Pulsifer v. United States*, 601 U.S. 124, 127 (2024). A defendant must meet five statutory criteria to be eligible. *See* 18 U.S.C. § 3553(f)(1)–(5). Most

3

relevant here, a defendant must not have used "violence" or "possess[ed] a firearm" in connection with the offense, must not have been an "organizer, leader, manager, or supervisor of others in the offense," and must have "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or a common scheme or plan." *Id.* § 3553(f)(2), (3), (5).

## DISCUSSION

The parties dispute whether Ortiz Socias has satisfied these preconditions of safety-valve eligibility, and whether a *Fatico* hearing is required to resolve that question. Ortiz Socias, for one, argues that the Government has the burden of proving beyond a reasonable doubt that he is *in*eligible for the safety valve, and that no *Fatico* is needed because the Government lacks evidence that could surmount its burden. The Government maintains that defendants bear the burden of proving their eligibility by a preponderance of the evidence, and that a *Fatico* hearing is necessary to assess whether Ortiz Socias has met that burden.

### I.    Defendants Bear the Burden of Proving Safety-Valve Eligibility

First and foremost, the Court agrees with the Government that defendants bear the burden of establishing they are safety-valve eligible under 18 U.S.C. § 3553(f). As the Government correctly notes, the Second Circuit held as much in a published opinion in 2006. In *United States v. Jimenez*, 451 F.3d 97, 103 (2d Cir. 2006), the Circuit explicitly stated that that the burden is on the defendant "to demonstrate his eligibility for safety-valve relief" by a preponderance of the evidence. Nor is the Court persuaded that intervening Supreme Court decisions compel a different rule. According to Ortiz Socias, the Supreme Court's decision in *Alleyne* abrogated *Jimenez* in holding that the Government must prove beyond a reasonable doubt "any fact that, by law, increases the penalty for a crime." Mot. at 7 (quoting *Alleyne*, 570 U.S. at 103 ). But the Second

4

Case 1:21-cr-00173-RA    Document 162    Filed 11/05/24    Page 5 of 7

Circuit has already rejected that *Alleyne* argument twice over. *See United States v. Cabellero*, 672 F. App'x 72, 75 (2d Cir. 2016) (holding that defendants still have the burden of proving safety-valve eligibility post-*Alleyne*); *United States v. Jacques*, 555 F. App'x 41, 50 (2d Cir. 2014) (explaining on plain error review that *Alleyne* does not apply to safety-valve relief under section 3553(f)). And while Ortiz Socias rightly notes that these decisions were summary orders, the Court is persuaded by their careful reasoning that *Alleyne* does not apply to the safety valve. As the panel explained in *Cabellero*, *Alleyne* itself stated that the Government would bear the burden of proving a given fact when that fact "*aggravates*" the legally prescribed punishment—meaning when it "*increases* the mandatory minimum." *Caballero*, 672 F. App'x at 74–75 (emphasis added) (quoting *Alleyne*, 570 U.S. at 103, 113 n.2). Even by *Alleyne*'s own terms, it thus does not apply to other facts that reduce—or in the case of the safety valve, fully *eliminate*—a mandatory minimum. *See id.* at 75 ("Because *Alleyne* is concerned with judicial fact-finding that 'aggravates' the legally prescribed punishment, the statutory lenity embodied by the safety valve is not implicated.").

As a backup, Ortiz Socias urges the Court to adopt a burden-shifting approach, where the burden shifts to the Government once the defendant makes an initial showing that he is safety-valve eligible. Again, the Second Circuit has rejected that argument: "[s]uch a shift in burden is not supported by any precedent in our Circuit." *United States v. Marte*, 412 F. App'x 323, 324 (2d Cir. 2011). To the contrary, the defendant "bears the [ultimate] burden of proving that he has met all five safety[-]valve criteria." *Id.* (internal quotation marks omitted).

To be clear, once a defendant offers some evidence that he is safety-valve eligible, the Government can disprove that claim only if it can offer contrary evidence. But that is not a formal "burden-shifting" rule; it is simply how a preponderance-of-the-evidence standard works in

5

practice. The burden "shifts" only insofar as once a party offers evidence, his adversary must match it in order to tip the preponderance of the evidence back in its favor. Even if there is a natural back-and-forth between the parties in trying to secure a preponderance of the evidence, "[t]he ultimate burden of persuasion remains on the defendant" to prove that he is eligible under section 3553(f). *United States v. Sanchez*, 925 F. Supp. 1004, 1007 (S.D.N.Y. 1996).

## II.    A *Fatico* Hearing Is Appropriate Here

The burden thus rests on Ortiz Socias to demonstrate by a preponderance of the evidence that he is eligible for safety-valve relief. While he urges the Court to make that ruling based on the present record without a hearing, the Court is unable to do so. Put simply, the parties dispute whether Ortiz Socias was truthful at his proffer or engaged in violence or played a leadership role, which are dispositive facts as to his eligibility under section 3553(f). The appropriate way to resolve material disputes of that sort is through a *Fatico* hearing. *See Ghailani*, 733 F.3d at 54.

Finally, the Court notes that the parties have asked for anticipatory rulings about what weight, if any, the Government's proffered evidence will be entitled to at the hearing, and whether Ortiz Socias will need to testify in order to meet his burden. *See* Mot. at 2, 5; Opp. at 6–7. It is for the parties, however, to decide what evidence is necessary for each to prevail. Once the evidence has been presented, the Court will assess it and make its ruling. The Court will nevertheless note that the mere fact that Ortiz Socias once proffered with the Government, and that the Government initially believed him, will not alone entitle him to safety-valve relief. Like all defendants, he must "*prove* to the [C]ourt that he has provided the requisite information if he is to receive the benefit of" the safety valve. *United States v. Gambino*, 106 F.3d 1105, 1110 (2d Cir. 1997).

## CONCLUSION

For these reasons, the motion is denied. The parties shall therefore appear for the *Fatico* hearing on November 13, 2024 at 11:00 a.m.

SO ORDERED.

Dated:     November 6, 2024
           New York, New York

_____
Ronnie Abrams
United States District Judge